IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-83 |
| | ) | (Varlan / Shirley) |
| | ) | |
| BRANDON D. HENSLEY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter came before the Court on July 22, 2008 for consideration of Defendant Brandon Hensley's Motion to Continue [Doc. 12], filed July 3, 2008. Assistant United States Attorney Gregory Weddle was present on behalf of the government. Attorney Ruth Ellis was present on behalf of Defendant Brandon Hensley, who was not present. Attorney Ellis advised the Court that Mr. Hensley, who is released on bond, was at work.

In support of her client's motion, Attorney Ellis contends a continuance of the pretrial motion filing deadlines, pretrial motion hearings, the pretrial conference, and trial date is necessary in order to properly prepare this matter for trial given the unique factual circumstances of the offense and the events surrounding it. Attorney Ellis stated that her client has yet to undergo a mental evaluation, which is in the Defendant's best interest so that any appropriate pretrial motions may be filed on his behalf. Attorney Ellis confirmed that she has discussed this matter with Defendant, who stated that

he understood his right to a speedy trial, has no objection to a continuance, and believes it is in his best interest to continue the case in order to undergo a mental evaluation, which may then require the filing of pretrial motions.

The Speedy Trial Act authorizes the Court to grant delays where the Court finds that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). Section 3161(h)(8)(A) requires the Court to make a finding after carefully considering and balancing multiple factors, including the factors listed in Subsection B. The Court finds that Defendant's request for a continuance of the July 29, 2008 trial date is well-taken and that the ends of justice served by granting the motion outweigh the best interest of the public and Defendant in a speedy trial. See 18 U.S.C. § 3161(h)(8)(A). The Court finds that Defendant and his counsel have not had enough time to complete a factual investigation, determine whether a mental examination is necessary, and investigate all possible defenses. See 18 U.S.C. § 3161(h)(1)(A). The Court finds that failure to grant a continuance would deprive Defendant of the ability to pursue issues which may be identified with proper preparation. See 18 U.S.C. § 3161(h)(1)(F). The Court will then need time, not to exceed thirty days, to prepare either a Memorandum and Order or a Report and Recommendation to the District Court, depending on the type of pretrial motion filed. See 18 U.S.C. § 3161(h)(1)(J). After such ruling, either party will have ten days to register an objection with the District Court. Should objections be made, the District Court will require a meaningful period of time to review the record and the issues presented. Finally, the parties will need time to prepare for trial in light of the ruling on the pretrial motions. The Court finds that all of this could not be accomplished before the trial date of July 29, 2008, or in less than six months. Thus, without a continuance, counsel would not have the reasonable time

necessary to prepare for trial despite their use of due diligence.  See 18 U.S.C. § 3161(h)(8)(B)(iv).

The Court agrees with the parties that the ends of justice served by granting a continuance outweigh the interest of Defendant and the public in a speedy trial.  See 18 U.S.C. § 3161(h)(8)(A). The Court finds that the time between the date of the filing of pretrial motions, July 3, 2008, and the new trial date of **January 13, 2009** is properly excludable from the operation of the Speedy Trial Act and that the need for further preparation and the possibility of the filing of pretrial motions outweigh the interests of Defendant and the public in a speedy trial.  Accordingly, Defendant Hensley's Motion for Continuance **[Doc. 12]** is **GRANTED**.  All pretrial motions on behalf of Defendant shall be filed by **September 30, 2008** with responses due from the government on **October 14, 2008.**  The Court will hold a motion hearing/pretrial conference on **October 30, 2008 at 9:30 a.m.**

Accordingly, it is **ORDERED**:

(1) Defendant Hensley's Motion to Continue **[Doc. 12]** is **GRANTED**;

(2) The trial of this matter is reset to commence on **January 13, 2009, at 9:00 a.m.**, before the Honorable Thomas Varlan, United States District Judge;

(3) All the time between the filing of the pretrial motion on **July 3, 2008**, hearing and the new trial date of **January 13, 2009**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) Defendant's motion deadline is extended to **September 30, 2008**;

(5) Responses to any such motions shall be due on or before **October 14, 2008**;

(6) A Motion Hearing/Pretrial Conference will be held on **October 30, 2008 at 9:30 a.m.** before the Honorable C. Clifford Shirley, Jr., United States Magistrate Judge.

**IT IS SO ORDERED**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge