IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-83 |
| | ) | (VARLAN/SHIRLEY) |
| | ) | |
| BRANDON D. HENSLEY, | ) | |
| | ) | |
| Defendant. | ) | |

### **MEMORANDUM AND ORDER**

The Defendant has filed a Motion to Continue the Trial [Doc. 20], which has been referred to this Court by the District Court pursuant to 28 U.S.C. § 636(b)(1)(A). The Government has responded in opposition to the motion [Doc. 21]. A hearing was held to address the motion on March 26, 2009. Assistant United States Attorney Gregory Weddle was present on behalf of the Government. Attorney Ruth Ellis was present on behalf of Defendant Brandon Hensley, who was also present.

In support of her client's motion, Attorney Ellis explained that the parties actively sought resolution of this matter in late 2008, but to no avail. Attorney Ellis stated that the Defendant has been pursuing expert consultations. However, Attorney Ellis explained that initially private money was used to pursue these expert consultations, but private funds are no longer available. As a result, the Defendant was required to file an *ex parte* request for approval of expert funding under the Criminal Justice Act ("CJA") from the Court of Appeals for the Sixth Circuit. This request is pending but has not yet been approved. Attorney Ellis assured the Court that the Motion for

Continuance was not made because of a lack of diligence by defense counsel and referred the Court to the *ex parte* application and accompany affidavit from Attorney Ellis for additional information.

In response, the Government referred the Court to the contents of its response [Doc. 21], but reiterated that its primary concern is the inconvenience that rescheduling will work upon the numerous expert and civilian witnesses that it expects to call at the trial. Further, the Government noted that it has completed a mental examination of the Defendant, has its rebuttal expert prepared, and is ready for trial.

Based upon the foregoing and the filings of the parties, the Court finds that, despite the appearance that this case has been unreasonably delayed, this case has been delayed by a series of somewhat unavoidable events. In addition, the Court finds that this matter is scheduled for trial before District Judge Varlan on the same date as the trial of another case and will almost certainly be delayed because the other scheduled trial will take precedence over the trial in this case. Thus, the Government's concerns about delay and witness inconvenience are almost certain to occur whether the Defendant's motion is granted or not. Further, the Court finds that the Defendant should be allowed time to attempt to secure expert funding, due to the complicated nature of the mental health issue that is central to this case. Accordingly, the Court finds that the Defendant's Motion to Continue **[Doc. 20]** is well-taken, and it is **GRANTED**.

For the reasons more fully explained above, the Court finds that Defendant's request for a continuance of the March 31, 2009, trial date is well-taken and that the ends of justice served by granting the motion outweigh the best interest of the public and Defendant in a speedy trial. See 18 U.S.C. § 3161(h)(8)(A). The Court finds that failure to grant a continuance would deprive Defendant of the ability to properly prepare a mental health defense in anticipation of trial despite

defense counsel's exercise of due diligence, and this time for proper preparation is excludable under the Speedy Trial Act, see 18 U.S.C. § 3161(h)(7)(B)(iv). Further, the Court finds that the trial of this matter must be reset at a date which will allow time for the CJA funding application to be processed by the Court of Appeals for the Sixth Circuit.

In light of these findings and its granting of the motion, the Court set a new trial date of **July 14, 2009**. The Court finds the time between the filing of this motion on March 23, 2009, and the hearing on this motion on March 26, 2009, is fully excludable for purposes of the Speedy Trial Act. See 18 U.S.C. § 3161(h)(1)(D). The Court further finds that the period of time between the hearing on March 26, 2009, and the new trial date of July 14, 2009, shall be fully excludable as provided by the Speedy Trial Act, 18 U.S.C. § 3161(h)(8)(A)-(B).

Finally, the Scheduling Order [Doc. 10] notes that the Defendant's expert information disclosures, required by Federal Rule of Criminal Procedure 16(b)(1)(c) shall be made by the Defendant at least a week before trial, absent an order to the contrary. The Government moves that the Defendant make such disclosures by June 30, 2009, two weeks before trial. The Court finds this oral motion to be reasonable, and it is **GRANTED**. The Defendant shall make the expert information disclosures, required by Federal Rule of Criminal Procedure 16(b)(1)(c), on or before **June 30, 2009**.

Accordingly, it is **ORDERED**:

    (1) The Defendant's Motion to Continue **[Doc. 20]** is **GRANTED**;

    (2) The trial of this matter is reset to commence on **July 14, 2009**, **at 9:00 a.m.**, before the Honorable Thomas Varlan, United States District Judge;

    (3) All the time between the filing of the pretrial

3

motion on March 23, 2009, and the new trial date of July 14, 2009, is fully excludable time under the Speedy Trial Act for the reasons set forth herein; and

(4) The Defendant shall make the expert information disclosures, required by Federal Rule of Criminal Procedure 16(b)(1)(c), on or before **June 30, 2009**.

**IT IS SO ORDERED**

ENTER:


  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge

4