UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| BRANDON D. HENSLEY, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos: | 3:08-cr-083 |
| | ) | | 3:10-cv-404 |
| UNITED STATES OF AMERICA, | ) | | (VARLAN/SHIRLEY) |
| | ) | | |
| Respondent. | ) | | |

**MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Brandon D. Hensley ("petitioner"). The government has filed its response to the motion, as amended. For the following reasons, the § 2255 motion to vacate will be **DENIED** and this action will be **DISMISSED**.

**I.     Standard of Review**

This Court must vacate and set aside petitioner's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, petitioner "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the Court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

## II. Factual Background

Pursuant to a written plea agreement, petitioner pleaded guilty to maliciously damaging and attempting to damage by means of fire a building used in interstate commerce, in violation of 18 U.S.C. § 844(i), and carrying firearms during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). He was sentenced to consecutive terms of imprisonment of 60 months on each conviction, for a total effective term of imprisonment of 120 months. [Criminal Action No. 3:08-cr-83, Doc. 37, Judgment]. In support of his § 2255 motion, petitioner alleges that the imposition of consecutive sentences for his convictions violates the Fifth Amendment's protection against illegal sentencing as well as the congressional intent of the firearm statute.

## III. Discussion

Petitioner relies on *United States v. Almany*, 598 F.3d 238 (6th Cir.), vacated and remanded, 131 S. Ct. 637 (2010), for the proposition that his sentence is illegal. *Almany* was vacated and remanded in light of *Abbott v. United States*, 131 S. Ct. 18 (2010), and is no

2

longer good law. *See United States v. Almany*, 626 F.3d 901 (2010). Accordingly, petitioner's claim lacks merit.

In addition, the Court notes that petitioner was aware of and agreed to the consecutive sentencing. His plea agreement stated that petitioner was pleading guilty to the arson charge, the punishment for which was "a term of imprisonment not less than 5 years and not more than 20 years ..." [Criminal Action No. 3:08-cr-83, Doc. 27, Plea Agreement, p. 1, ¶ 1]. The agreement further stated that petitioner was pleading guilty to carrying a firearm during a crime of violence, the punishment for which was "a term of imprisonment not less than 5 years which must run consecutive to any term of imprisonment imposed for" the arson conviction. [*Id.*, p. 2, ¶ 2].

Petitioner also waived the right to challenge his sentence either by direct appeal or in a collateral proceeding under § 2255.

> In consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense, the defendant agrees not to file a direct appeal, thus, the defendant knowingly and voluntarily waives the defendant's right to appeal the conviction and/or a sentence imposed within the applicable guideline range as determined by the sentencing court in this case.
>
> In addition, the defendant knowingly and voluntarily waives the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack the conviction and/or resulting sentence. The parties agree that the defendant retains the right to raise, by way of collateral review under § 2255, claims of ineffective assistance of counsel or prosecutorial misconduct not known to the defendant by the time of the entry of judgment.

[*Id.*, p. 14, ¶ 11(a) & (b)]. Such a waiver is enforceable. *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999) ("Accordingly, we hold that a defendant's informed and voluntary

waiver of the right to collaterally attack a sentence in a plea agreement bars such relief."); *see also Davila v. United States*, 258 F.3d 448 (6th Cir. 2001) (defendant's waiver of § 2255 relief in a plea agreement barred a collateral attack based upon ineffective assistance of counsel); *United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995) ("Any right, even a constitutional right, may be surrendered in a plea agreement if that waiver was made knowingly and voluntarily.").

## IV. Conclusion

Petitioner is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan  
CHIEF UNITED STATES DISTRICT JUDGE

4